[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14643

_____

D.C. Docket No. 8:18-cv-02281-CEH-TGW

AMY WRIGHT,

Plaintiff - Appellant,

versus

RELIANCE STANDARD LIFE
INSURANCE COMPANY,
a Foreign Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 29, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In this case, we are asked to review an ERISA plan administrator's denial of benefits. After Amy Wright stopped working in 2017, she made two claims with her insurer for benefits that would accrue to her only if she could prove that she was disabled. Wright provided a wide range of medical evidence with mixed indicators of disability. Treating physicians disagreed as to whether she was disabled. Ultimately, her plan administrator denied both claims because it determined that her evidence was insufficient to establish disability. Because we review only whether the denial was arbitrary and capricious, we will affirm.

## I

Amy Wright worked as the vice president of health information services at Integrity Health Care. Wright's job entailed light physical exertion. Integrity provided Wright with two policies through Reliance Standard Life Insurance: (1) long-term disability insurance, and (2) life insurance. Both plans were at all times subject to the requirements of the Employment Retirement Income Security Act of 1974.

The Reliance long-term disability policy guaranteed payments to Wright if, due to injury or sickness, she couldn't "perform the substantial and material duties of [her job]" for 90 consecutive days. The Reliance life-insurance policy waived Wright's premium obligations for a year if she "bec[ame] totally disabled" for at least six months. The life-insurance policy defined "total disability" as the

2

"complete inability to engage in any type of work for wage or profit for which [she was] suited by education, training, or experience." Importantly, both policies gave Reliance the "discretionary authority to interpret" their terms and "to determine eligibility for benefits."

As she was still working during the spring and early summer of 2017, Wright sought medical care several times and missed some work due to recurring physical and mental health problems.

On August 7, 2017, Wright stopped working. She brought claims for benefits under the long-term disability policy and for a waiver of premiums under the life-insurance policy. After she stopped working, Wright sought medical care multiple times per month for four months. The medical reports arising from those months presented a mixed picture of health. On the one hand, Wright complained of pain and fatigue and was diagnosed with a constellation of health problems, including fibromyalgia, dysautonomia, and Postural Orthostatic Tachycardia syndrome. On the other hand, repeated physical exams found her to exhibit normal strength, range of motion, and neurological and psychological condition.[1]

---

[1] The details of Wright's medical conditions are known to the parties and were thoroughly described in the district court's opinion.

3

On December 21, 2017, Reliance denied Wright's long-term disability claim. It explained that the medical evidence was somewhat inconsistent with her proffered diagnoses and in any event didn't establish disability.

Wright continued to seek medical care in the following months as her waiver-of-premium claim under her life-insurance policy remained pending. The medical visits continued to present a mixed picture. Her strength, appearance, and neurological exam results were normal, and she was exercising twice a week with a doctor's recommendation to increase that regimen.

On May 11, 2018, Reliance denied Wright's waiver-of-premium claim under her life-insurance policy. It explained that, based on the medical evidence presented, Wright hadn't established that she was incapable of performing work for which she was suited by education, training, or experience. Wright administratively appealed both claim denials.

While Reliance was considering Wright's appeals, Wright visited her own preferred independent doctor and Reliance's preferred independent doctor for further evaluation. Wright's preferred independent doctor, Dr. Pamela Noel, diagnosed Wright with more than a dozen medical ailments and concluded that Wright was "totally and permanently disabled." Reliance's preferred independent doctor, Dr. Robert Martinez, acknowledged Wright's wide-ranging concerns and reported symptoms. He administered physical and neurological exams and found

4

everything to be normal except some limitations to Wright's range of motion and an unsteady gait. He opined that Wright's reported symptoms didn't correspond to the physical examination and that she was capable of "full-time work duties and activities." Finally, Reliance asked another doctor, Dr. Donald Tan-Fog Lee, to review Wright's medical records. He concluded that, with some accommodations and limitations on her physical exertion, Wright could work a normal schedule.

In late 2018, Reliance denied both of Wright's administrative appeals. It explained that its independent appeal unit had reviewed the claims and the new evidence and concluded that the initial denials were appropriate.

Wright sued Reliance in federal district court under ERISA, which provides that a civil action may be brought "by a . . . beneficiary" to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In her complaint, Wright requested an order conferring long-term disability benefit payments, a declaration that she was entitled to long-term disability benefit payments, and a declaration that she was entitled to a waiver of premiums under her life-insurance policy.

Reliance filed a motion for summary judgment arguing that Wright had failed to prove she was disabled under either policy and that substantial evidence in the record supported the conclusion that its claim denials weren't arbitrary and

capricious.  Wright filed a motion for summary judgment arguing that Reliance's denials were arbitrary and capricious.  She reasoned that her conditions didn't admit of objective evidence but that Reliance ignored the relevant medical evidence—including multiple doctors who opined she was disabled—in favor of its own experts who misunderstood the standard for disability.

The district court entered judgment for Reliance.  It surveyed the medical evidence and explained that, for a number of reasons, Reliance's claim denials weren't arbitrary and capricious.  It explained that Reliance reasonably weighed the competing evidence regarding Wright's disability and that many test results and medical reports suggested that Wright's health was relatively normal and that she was functioning well enough to work.  It also noted internal contradictions in Wright's evidence—such as one doctor simultaneously claiming that Wright was so dysfunctional as to be possibly bedridden while also recommending to her a vigorous exercise program with few limitations.  The court also concluded that Reliance's conflict of interest as both administrator and payor of claims didn't render its decision arbitrary and capricious given the "overwhelming support in the medical evidence that [Wright's] condition is not as debilitating as claimed."

Wright timely appealed.

**II**

We review a district court's summary-judgment decision de novo.

*Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354, 1354 n.4 (11th Cir.

2011) (per curiam).  In the ERISA context, when a policy vests an administrator

with discretion, we may hold for the claimant only if we conclude that the

administrator's denial was "arbitrary and capricious."  *Id.* at 1355.  When, as here,

the administrator has a financial stake in its own decision, we must take that

conflict of interest into account when determining whether the denial was arbitrary

and capricious.  *Id.*  Our review is limited to the material available to Reliance

when it made its decision.  *Id.* at 1354.

Wright presents two arguments on appeal, which we will consider in turn.

**A**

First and centrally, Wright argues that Reliance arbitrarily and capriciously

denied both her claims.  Wright bears the burden of proving that Reliance's claim

denials were arbitrary and capricious.  *See Doyle v. Liberty Life Assur. Co. of*

*Boston*, 542 F.3d 1352, 1360–62 (11th Cir. 2008).  Wright's first claim—for long-

term disability—required her to prove that, for the 90-day "elimination period"

from August 7 through November 5, 2017, she was totally disabled.  She was

totally disabled if she "[could] not perform the substantial and material duties of

[her] regular occupation."

Wright's second claim—for a waiver of life-insurance premiums—required her to prove that, for six months from August 7, 2017 to February 7, 2018, she had the "complete inability to engage in any type of work for wage or profit for which [she was] suited by education, training, or experience."

Reliance didn't arbitrarily and capriciously deny either claim. Although Wright's own preferred doctors asserted that she was unable to work, they repeatedly noted that her gait, range of motion, strength, and many other physical conditions were normal during that period. She complained of a wide range of symptoms and ailments, but doctors noted that she was exercising and seemed to think they could prescribe her even more rigorous exercise programs. And while some doctors said that she was totally disabled, others—like Dr. Martinez and Dr. Tan-Fog Lee —said she was able to work.

We must consider Reliance's conflict of interest as a factor in deciding whether it arbitrarily and capriciously denied the claims. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). It was undeniably in Reliance's short-term interest to deny Wright's claims. But as another panel of this Court has explained, "the presence of a structural conflict of interest [is] an unremarkable fact in today's marketplace." *Blankenship*, 644 F.3d at 1356; *see also Glenn*, 554 U.S. at 120 (Roberts, C.J., concurring) (noting that a "conflict of interest . . . is a common

8

feature of ERISA plans"). Wright didn't demonstrate that Reliance's run-of-the-mill conflict rendered its denials arbitrary and capricious.

Wright relies heavily on *Oliver v. Coca Cola Co.*, where we held that a discretion-vested administrator wrongfully denied a disability claim where it demanded "objective evidence" of the claimant's chronic pain. 497 F.3d 1181 (11th Cir. 2007), *reh'g granted, opinion vacated in part on other grounds*, 506 F.3d 1316 (11th Cir. 2007), *and adhered to in relevant part on reh'g*, 546 F.3d 1353 (11th Cir. 2008). But unlike this case, in *Oliver* (1) the claimant presented more rigorous evidence of disability, as he was in a car crash, experienced subsequent severe headaches and neck pain, tested positive for a spinal nerve disorder, couldn't sleep, had right-arm pain that wasn't responding to medication, and was on heavy doses of painkillers; and (2) the only doctors to conclude the claimant wasn't disabled never saw him in person. *See id.* at 1187–92. We emphasized that *Oliver* was not a case of "conflicting, reliable evidence," but rather one-sided evidence of disability that the administrator simply ignored. *Id.* at 1199. By contrast, Reliance denied Wright's claim based on conflicting, reliable evidence, including from Dr. Martinez, who treated her in person and concluded

9

she wasn't disabled.[2]

**B**

Second, Wright argues that the district court erred because in its opinion granting summary judgment, it briefly discussed Wright's medical history from before the time that she claimed to be disabled. The district court's discussion of Wright's earlier medical history doesn't constitute reversible error. First, it's reasonable to discuss Wright's past medical history to contextualize her medical developments during the period of claimed disability. Second, in the ERISA context, we must determine for ourselves whether the district court's conclusion was supported by the administrative record regardless of how it arrived there. *See*

---

[2] The other six published Eleventh Circuit cases that Wright cites in support of her argument regarding claim denial are less pertinent. *Capone v. Aetna Life Insurance Co.* concerns the conditions under which a denial is wrong but not arbitrary and capricious. *See* 592 F.3d 1189 (11th Cir. 2010). In *Shaw v. Connecticut General Life Insurance Co.*, we said in dictum that although administrators can't arbitrarily refuse to credit a claimant's reliable evidence, the district court erred by giving too much credit to the *claimant's* favored physician. *See* 353 F.3d 1276, 1287 (11th Cir. 2003). Here, Reliance didn't fully credit Wright's evidence for the simple reason that it was contradicted by other evidence. *Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama* and *Tippitt v. Reliance Standard Life Insurance Co.* stand for the proposition that administrators can't change the terms of their policy. 41 F.3d 1476, 1483–84 (11th Cir. 1995); 457 F.3d 1227 (11th Cir. 2006). Here, Reliance didn't change the terms of its policy. In *Godfrey v. BellSouth Telecommunications, Inc.*, our summary of the procedural history paraphrased the district court's holding that the administrator's physician wrongly rejected evidence where he didn't examine the claimant personally or seek the treatment notes of the claimant's doctors. 89 F.3d 755, 758 (11th Cir. 1996). Here, Reliance's preferred physicians examined Wright and sought the treatment notes of her doctors. And in *Melech v. Life Insurance Co. of North America*, we held that an administrator couldn't base its decision on an administrative record that didn't contain key findings from a parallel social security benefits proceeding. 739 F.3d 663 (11th Cir. 2014). Here, Wright doesn't point to analogous circumstances.

10

*Blankenship*, 644 F.3d at 1354.  We've done that, and we conclude the district court was correct to conclude that Reliance's denials of Wrights claims weren't arbitrary and capricious.

## III

Accordingly, we **AFFIRM**.